Christopher D. Holt, Bar No. 228399
KLINEDINST PC
5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
cholt@klinedinstlaw.com

Attorneys for Defendant
NORTHLAND GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

TAVIA LAWSON,

　　　　　　Plaintiff,

　　v.

NORTHLAND GROUP, INC.,

　　　　　　Defendant.

Case No. CV12- 07517 PSG (JEMx)

**NORTHLAND GROUP, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (FEDERAL QUESTION)**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Northland Group, Inc. ("Northland") hereby removes to this Honorable Court the state court action described below.

1.　On or about July 23, 2012, Plaintiff Tavia Lawson ("Plaintiff") commenced an action in the Superior Court of California, County of Los Angeles, entitled *Tavia Lawson v. Northland Group, Inc.* and assigned Case No. 12B03812. Copies of the summons, complaint and concurrently served documents are attached as Exhibit A.

///

///

///

- 1 -

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

2.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Northland pursuant to 28 U.S.C. § 1441(b) in that it presents a federal question as Plaintiff alleges violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

3.      Plaintiff caused a copy of the summons and complaint to be served on Northland via personal delivery on August 1, 2012.  This removal is therefore timely.

4.      Northland is the only named defendant in the above-captioned matter.

5.      On August 31, 2012, Northland filed its answer to the complaint.  A copy of Northland's answer is attached as Exhibit B.  Northland is not aware of any other filings in this matter.

6.      As required by 28 U.S.C. § 1446(d), Northland will give notice of the filing of this notice to Plaintiff and to the clerk of the Superior Court of California, County of Los Angeles, where the action is currently pending.

WHEREFORE, Northland respectfully requests that the above-captioned matter, currently pending in the Superior Court of California, County of Los Angeles, be removed to this Honorable Court.

*Respectfully Submitted,*

KLINEDINST PC

DATED: August 31, 2012          By: _____
                                      Christopher D. Holt
                                      Attorneys for Defendant
                                      NORTHLAND GROUP, INC.

1584805v1

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

NORTHLAND GROUP, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)
(FEDERAL QUESTION)

# EXHIBIT "A"

8/1/12
3PM
AP

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NORTHLAND GROUP INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TAVIA LAWSON

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 23 2012

John A. Clarke, Executive Officer/Clerk
By_____ Deputy
April Covey

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Los Angeles<br>1427 West Covina Pkwy<br>West Covina, CA 91790 | CASE NUMBER:<br>*(Número del Caso)*<br>12B03812 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* JUL 23 2012 | JOHN A. CLARKE, Clerk, Clerk<br>*(Secretario)* | , Deputy<br>*(Adjunto)* April Covey |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify):* **Northland Group, Inc**

   under: [✓] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [✓] by personal delivery on *(date):* 8-1-12

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

American LegalNet, Inc.
www.FormsWorkflow.com

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

<strong>CASE TYPES AND EXAMPLES</strong>

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Suren N. Weerasuriya (278521)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
Attorneys for Plaintiff

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 23 2012

John A. Clarke, Executive Officer/Clerk

By ___April Cove___ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
LIMITED JURISDICTION

TAVIA LAWSON,

Plaintiff,

vs.

NORTHLAND GROUP INC.

Defendant.

Case No.  12B03812

COMPLAINT FOR VIOLATION
OF ROSENTHAL FAIR DEBT
COLLECTION PRACTICES ACT AND
FEDERAL FAIR DEBT COLLECTION
PRACTICES ACT

(Amount not to exceed $10,000)

1. Violation of Rosenthal Fair Debt
   Collection Practices Act
2. Violation of Fair Debt Collection
   Practices Act

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's
violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*
(hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*
(hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive,
deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2.      Plaintiff, Tavia Lawson ("Plaintiff"), is a natural person residing in Los Angeles county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.      At all relevant times herein, Defendant, Northland Group Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.      Plaintiff is informed and believes Defendant contacted Plaintiff numerously, and at times Defendant knew where inconvenient to Plaintiff, with the intent to harass her.

6.      Defendant also contacted Plaintiff's mother, beginning in or around April 2012, in attempting to collect an alleged outstanding debt from Plaintiff. Plaintiff is informed and believes Defendant contacted her mother at telephone number (626)915-6972, from telephone number (866)275-6020. Plaintiff is informed and believes Defendant contacted her mother numerously, to obtain more than just Plaintiff's location information, and also disclosed the existence of Plaintiff's alleged outstanding debt to Plaintiff's mother,

Complaint - 2

7.     Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

b) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

e) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§1692b & §1692c(b));

f) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§1692b(1) & §1692c(b));

g) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & §1692c(b));

h) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & §1692c(b));

i) Without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy, communicating with a third party other than in the manner prescribed by 15 USC §1692b (§1692c(b));

j)   Communicating information regarding a consumer debt to a member of Plaintiff's family prior to obtaining a judgment against the debtor, where the purpose of the communication was not to locate the debtor and neither Plaintiff nor Plaintiff's attorney consented to the communication (Cal Civ Code §1788.12(b));

k)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d).

8.      As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

9.      Plaintiff reincorporates by reference all of the preceding paragraphs.

10.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.   Actual damages;
B.   Statutory damages for willful and negligent violations;
C.   Costs and reasonable attorney's fees; and
D.   For such other and further relief as may be just and proper.

Complaint - 4

## COUNT II: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

11.    Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.    Actual damages;
B.    Statutory damages;
C.    Costs and reasonable attorney's fees; and,
D.    For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this July 18, 2012.

By:    _____
       Todd M. Friedman
       Law Offices of Todd M. Friedman, P.C.
       Attorney for Plaintiff

Complaint - 5

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Todd M. Friedman, Esq. SBN 216752,
Law Offices of Todd M. Friedman
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
TELEPHONE NO.: 877-206-4741      FAX NO.: 866-633-0228
ATTORNEY FOR (Name): Plaintiff, Tavia Lawson
SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 1427 West Covina Pkwy
MAILING ADDRESS:
CITY AND ZIP CODE: West Covina, CA 91790
BRANCH NAME:

CASE NAME:
Tavia Lawson v. Northland Group Inc.

FOR COURT USE ONLY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 23 2012

John A. Clarke, Executive Officer/Clerk

By _April Covey_, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 12C03812 |
| | | | JUDGE: | |
| | | | DEPT: | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 18, 2012

Todd M. Friedman
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: Tavia Lawson v. Northland Group Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☑ YES   TIME ESTIMATED FOR TRIAL 2-4   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Tavia Lawson v. Northland Group Inc. | CASE NUMBER: |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☑ A6025 Other Non-Personal Injury/Property Damage tort | 2. (3) |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation   Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Tavia Lawson v. Northland Group Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Tavia Lawson v. Northland Group Inc. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>PO Box 881 |
|---|---|
| CITY: Glendora | STATE*: CA | ZIP CODE: 91740 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __West Covina__ courthouse in the __East__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __July 18, 2012__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - LIMITED CIVIL CASE

Case Number

**12B03812**

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | | DEPT. | ROOM |
|---|---|---|---|
| Michael J. Raphael | | 002 | NA |
| | | | |
| | | | |
| | | | |
| | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on **JUL 2 3 2012**     JOHN A. CLARKE, Executive Officer/Clerk

By _____ Deputy Clerk
**April Covey**

### Instructions For Handling Limited Civil Cases

The following critical provisions, as applicable in the East                District are cited for your information.

**PRIORITY OVER OTHER RULES:** The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule 7.2(c) thereof.

**CHALLENGE TO ASSIGNED JUDGE:** To the extent set forth therein, Government Code section 68616(i) and Local Rule 7.5 control the timing of Code of Civil Procedure section 170.6 challenges.

**TIME STANDARDS:**   The time standards may be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3.110). Failure to meet time standards may result in the imposition of sanctions. (Local Rule 7.13).

Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint. A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc., § 428.50).

**CASE MANAGEMENT REVIEW:** A Case Management Review will be scheduled by the Court for no later than 180 days after the filing of the complaint. (Local Rule 7.9(a)(2)).

Pursuant to California Rules of Court, rules 3.720-3.730, no later than 15 calendar days before the date set for Case Management Review/Conference, each party (individually or jointly) must file and serve a Case Management Statement using the mandatory Judicial Council form No. CM-110.

**DEFAULTS** (Local Rule 9.10): If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed. Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed. The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.

**NOTICED MOTIONS:** All regularly noticed motions will be calendared through the assigned department. Each motion date must be separately reserved and filed with appropriate fees for each motion. Motions for Summary Judgment must be identified at the time of reservation. All motions should be filed in   Clerk's Office   .

**EX PARTE MATTERS:** All ex parte applications should be noticed for the courtroom. Ex parte appearance applications for direct set courtrooms must be filed by  1:00 pm           in Room  Clerk     on the day of the hearing. Ex parte appearance matters set in Dept.  002        (i.e., all unlawful detainers where possession is still at issue) must be noticed for Dept.  002      , but filed at Counter  Clerk   , Room  NA    , no later than  1:00 pm           .m. on the day of the hearing.

**UNINSURED MOTORISTS CLAIMS:** Delay Reduction Rules do not apply to uninsured motorist claims. The plaintiff must file a Notice of Designation with the Court, identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

LACIV _____ 001 (Rev. 07/07)              **NOTICE OF**
LASC Approved 09-04           **CASE ASSIGNMENT – LIMITED CIVIL CASE**

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES**

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 2 3 2012

John A. Clarke, Executive Officer/Clerk

By _____ Deputy

COURTHOUSE ADDRESS: 1427 WEST COVINA PKWY.

PLAINTIFF: LAWSON, TAVIA

DEFENDANT: NORTHLAND GROUP INC.

CASE NUMBER:
CIT 12B03812

**NOTICE OF CASE MANAGEMENT REVIEW-LIMITED CIVIL**

**TO PLAINTIFF(S) AND THEIR ATTORNEY(S) OF RECORD:**

You are ordered to serve this Notice of Case Management Review (Limited Civil) on all parties/attorneys of record forthwith.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

You are ordered to appear at the Case Management Review (Limited Civil) hearing as follows:

| Date:<br>12/27/2012 | DEPT.:<br>002 | Room #:<br>CIVIL DIVISION |
|---|---|---|
| [ ] MASTER CALENDAR COURT | | |

You do not have to appear, if fifteen days prior to the hearing: 1) Plaintiffs have filed proofs of service of all defendants or obtained default judgment(s) as to all non-responding defendants and filed a Case Management Statement (Judicial Council form CM-110); and 2) Defendants have filed responsive pleadings and a Case Management Statement (Judicial Council form CM-110). You also do not have to appear, if notices of settlement and/or requests for dismissal as to all parties have been filed.

Failure to comply with any order herein may result in the court setting a hearing on an Order to Show Cause re: why sanctions, including, but not limited to, dismissal without prejudice, and/or striking answer, should not be imposed pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Review upon each party or counsel named below:

[X] by depositing in the United States mail at the courthouse in WEST COVINA, California,
one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

PLAINTIFF/DEMANDANTE

TODD M. FRIEDMAN
LAW OFFICES OF TODD M. FRIEDMAN
369 S. DOHENY DRIVE #415
BEVERLY HILLS, CA 90211

DEFENDANT/DEMANDADO

JOHN A. CLARKE, Executive Officer/Clerk

By APRIL M. COVEY, Deputy Clerk

Dated: 07/24/2012

LACIV 133 (Rev. 10/09)
LASC Approved 10-03

**NOTICE OF
CASE MANAGEMENT REVIEW - LIMITED CIVIL**

Cal. Rules of Court, rules 3.110, 3.720-3.730
LASC Local Rules, Chapter Seven

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**

- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898 Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

**FAMILY LAW (non-custody):**

- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

**PROBATE:**

- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on-the court's website.

## COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | COURTHOUSE | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7090 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5686 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)620-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   **Cases for Which Mediation May Be Appropriate**
   Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   **Cases for Which Mediation May Not Be Appropriate**
   Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   **Cases for Which Arbitration May Be Appropriate**
   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   **Cases for Which Arbitration May Not Be Appropriate**
   If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

   **Cases for Which Neutral Evaluation May Be Appropriate**
   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

   **Cases for Which Neutral Evaluation May Not Be Appropriate**
   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

Superior Court of California, County of Los Angeles
East District, West Covina Courthouse
1427 West Covina Pkwy., West Covina, CA  91790
Telephone: (626) 813-3236

NOTICE OF ORDER TO SHOW CAUSE HEARING

Case Number: __ 12B03812

An order to show cause hearing re dismissal will be held at 8:30 A.M. on
__OCT 0 2 2012__ in Department 2.

If proof of service has not been filed by the above date, the case may be dismissed. If
proof of service has been filed, the above date will be vacated.

010804

# EXHIBIT "B"

Christopher D. Holt, Bar No. 228399
KLINEDINST PC
5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
cholt@klinedinstlaw.com

Attorneys for Defendant
NORTHLAND GROUP, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TAVIA LAWSON, | Case No.   12B03812 |
| Plaintiff, | **NORTHLAND GROUP, INC.'S ANSWER TO COMPLAINT** |
| v. | Dept:             002 |
| NORTHLAND GROUP, INC., | Judge:           Michael J. Raphael |
| Defendant. | Complaint Filed:  July 23, 2012 |

Defendant NORTHLAND GROUP, INC. ("Northland") hereby generally and specifically denies and answers Plaintiff TAVIA LAWSON'S ("Plaintiff") unverified complaint as follows:

## **GENERAL DENIAL**

Under the provisions of Section 431.30 of the California Code of Civil Procedure, Northland denies each, every and all of the allegations of Plaintiff's complaint, in the conjunctive and disjunctive, and each cause of action therein, and the whole thereof, and further generally and specifically denies that Plaintiff has sustained any loss, injury, or damage as a proximate result of any act, breach, or omission on the part of Northland.

///

///

///

*KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707*

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

As a first affirmative defense, Northland states that Plaintiff fails to state a claim against Northland for which relief can be granted.

### SECOND DEFENSE

As a second affirmative defense, Northland states that Plaintiff's causes of action are barred as a result of Plaintiff's failure to mitigate damages and/or injury.

### THIRD DEFENSE

As a third affirmative defense, Northland states that if an error occurred, it was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FOURTH DEFENSE

As a fourth affirmative defense, Northland states that any alleged actions, to the extent they violate California or federal law, which Northland denies, were not willful or knowing.

### FIFTH DEFENSE

As a fifth affirmative defense, Northland states that Plaintiff suffered no damages, actual, economic, general or otherwise, from the alleged violations by Northland and therefore is not entitled to any award of damages, attorney's fees or costs.

### SIXTH DEFENSE

As an sixth affirmative defense, Northland states that any damage to Plaintiff, which Northland denies, is due to the acts or omissions of Plaintiff and/or third parties and Northland is not liable for said acts, omissions or alleged damages.

### SEVENTH DEFENSE

As a seventh affirmative defense, Northland states that all of Northland's actions have been in accordance with California and federal debt collection practices and consumer credit laws.

///

///

- 2 -

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

1    EIGHTH DEFENSE

2    As a eighth affirmative defense, Northland states that Plaintiff's claims are barred by lack

3    of proximate cause.

4    NINTH DEFENSE

5    As a ninth affirmative defense, Northland states that Plaintiff's claims are barred because

6    Plaintiff failed to perform as agreed in breach of the contracts with underlying creditors.

7    TENTH DEFENSE

8    As a tenth affirmative defense, Northland states that Plaintiff may be contractually

9    obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is

10   the subject matter of the instant litigation.

11   ELEVENTH DEFENSE

12   As an eleventh affirmative defense, Northland states that Plaintiff's claims are barred in

13   whole or in part by the statute of limitations.

14   TWELFTH DEFENSE

15   As a twelfth affirmative defense, Northland states that Plaintiff failed to properly dispute

16   the debt in a timely manner.

17   THIRTEENTH DEFENSE

18   As a thirteenth affirmative defense, Northland states that the Complaint is barred by the

19   equitable doctrine of unclean hands.

20   FOURTEENTH DEFENSE

21   As a fourteenth affirmative defense, Northland states that the Complaint is barred by the

22   equitable doctrines of estoppel, laches, acquiescence, waiver, in pari delicto and unjust

23   enrichment, based on Plaintiff's own conduct and actions.

24   FIFTEENTH DEFENSE

25   As a fifteenth affirmative defense, Northland states that Plaintiff consented to and/or

26   invited the conduct for which he/she seeks relief.

27   ///

28   ///

- 3 -

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

SIXTEENTH DEFENSE

As a sixteenth affirmative defense, Northland states that it and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Northland alleges that they acted lawfully and within their legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, Northland acted in good faith in the honest belief that the acts, conduct and communications, if any, of Northland were justified under the circumstances based on information reasonably available to this answering defendant. Accordingly Plaintiff is barred from any recovery in this action.

SEVENTEENTH DEFENSE

As a seventeenth affirmative defense, Northland states that the allegations and claims asserted in the Complaint have always been and continue to be frivolous, groundless and without merit as against Northland and that Plaintiff has brought this action against Northland in bad faith. Therefore, the relief requested is precluded and Northland is entitled to recover its reasonable expenses, including attorneys' fees, incurred herein as a matter of law.

EIGHHTEENTH DEFENSE

As an eighteenth affirmative defense, Northland states that Plaintiff's claims are barred by lack of standing.

NINETEENTH DEFENSE

As a nineteenth affirmative defense, Northland states that Plaintiff's claims are barred by res judicata/collateral estoppel.

TWENTIETH DEFENSE

As a twentieth affirmative defense, Northland states that Plaintiff's claims are barred because the statements or acts attributed to Northland, if made, were privileged communication by interested parties, without malice, to interested persons who requested the information.

TWENTY-FIRST DEFENSE

As a twenty-first affirmative defense, Northland states that any wrongful action or conversion, which Northland denies, was in defense of Northland's own interests.

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

1 | TWENTY-SECOND DEFENSE

2 As a twenty-second affirmative defense, Northland states that it may have additional

3 defenses that cannot be articulated due to Plaintiff's failure to particularize her claims and due to

4 Plaintiff's failure to provide more specific information.  Northland therefore reserves the right to

5 add additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party

6 claims upon further particularization of Plaintiff's claims, upon examination of the documents

7 provided, upon discovery of further information concerning the alleged damage claims and

8 claims for costs, and upon the development of other pertinent information.

9 | **PRAYER FOR RELIEF**

10 WHEREFORE, Northland requests relief as follows:

11 1.   That Plaintiff take nothing by his/her pretended causes of action;

12 2.   That Northland be awarded judgment in its favor dismissing all of Plaintiff's

13 claims against Northland with prejudice;

14 3.   That a determination be made that the Complaint was brought in bad faith;

15 4.   That Northland be awarded its litigation costs and reasonable attorneys' fees

16 incurred herein; and

17 5.   Such further and other relief the Court may deem just, fair and equitable under the

18 circumstances.

19

20 *Respectfully submitted,*

21

22 KLINEDINST PC

23

24 DATED: August 30, 2012            By: _____

25 Christopher D. Holt
Attorneys for Defendant
26 NORTHLAND GROUP, INC.

1584544v1

27

28

- 5 -

**NORTHLAND GROUP, INC.'S ANSWER TO COMPLAINT**

Christopher D. Holt, Bar No. 228399
KLINEDINST PC
5 Hutton Centre Drive, Suite 1000
Santa Ana, California  92707
(714) 542-1800/FAX (714) 542-3592
cholt@klinedinstlaw.com

Attorneys for Defendant
NORTHLAND GROUP, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TAVIA LAWSON, | Case No.    12B03812 |
| Plaintiff, | **PROOF OF SERVICE** |
| v. | Dept:              002 |
| NORTHLAND GROUP, INC., | Judge:             Michael J. Raphael |
| Defendant. | Complaint Filed:  July 23, 2012 |
| | Trial Date:        None set |

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Orange, and my business address is 5 Hutton Centre Drive, Suite 1000, Santa Ana, California.

On August 31, 2012, I caused to be served the following documents:

**NORTHLAND GROUP, INC.'S ANSWER TO COMPLAINT**

☐    **VIA FACSIMILE TRANSMISSION:** (Code Civ. Proc. §§ 1013(e) and (f)): From fax number (714) 542-3592 to the fax numbers listed below and/or on the attached service list. The facsimile machine I used complied with Rule 2008 and no error was reported by the machine.

☐    **VIA ELECTRONIC FILING SERVICE:** Complying with Code of Civil Procedure section 1010.6, my electronic business address is cgagne@klinedinstlaw.com and I caused such document(s) to be electronically served through the LexisNexis/Verilaw system for the above-entitled case to those parties on the Service List maintained on the LexisNexis/Verilaw's website for this case. The file transmission was reported as complete and a copy of the Filing/Service Receipt will be maintained with the original document(s) in our office.

- 1 -
**PROOF OF SERVICE**

☒    **VIA MAIL:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

    ☒    **BY FIRST-CLASS MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))**

    ☐    **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c) and (d))**

    ☐    **BY CERTIFIED RETURN RECEIPT MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))**

**SEE ATTACHED SERVICE LIST**

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on August 31, 2012, at Santa Ana, California.

_Carrie L. Gagne_
Carrie L. Gagne

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

1

2

Service List
Tavia Lawson v. Northland Group, Inc.
1465-5029

3

4

5

6

7

| Todd M. Friedman, Esq.<br>Nicholas J. Bontrager, Esq.<br>Suren N. Weerasuriya, Esq.<br>LAW OFFICES OF TODD M. FRIEDMAN,<br>P.C.<br>369 S. Doheny Dr., #415<br>Beverly Hills, CA 90211 | T: (877) 206-4741<br>F: (866) 633-0228<br>Email:<br>tfriedman@attorneysforconsumers.com<br>nbontrager@attorneysforconsumers.com<br>sweerasuriya@attornetsforconsumers.com<br><br>Counsel for Plaintiff<br>TAVIA LAWSON |
| --- | --- |

8

9

1584509v1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

- 3 -

**PROOF OF SERVICE**

Christopher D. Holt, Bar No. 228399
KLINEDINST PC
5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
cholt@klinedinstlaw.com

Attorneys for Defendant
NORTHLAND GROUP, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TAVIA LAWSON, | Case No.    12B03812 |
| Plaintiff, | **PROOF OF SERVICE** |
| v. | Dept:              002<br>Judge:           Michael J. Raphael<br>Complaint Filed:  July 23, 2012<br>Trial Date:       None set |
| NORTHLAND GROUP, INC., | |
| Defendant. | |

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Orange, and my business address is 5 Hutton Centre Drive, Suite 1000, Santa Ana, California.

On August 31, 2012, I caused to be served the following documents:

### DEFENDANT NORTHLAND GROUP, INC.'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

☐   **VIA FACSIMILE TRANSMISSION:** (Code Civ. Proc. §§ 1013(e) and (f)): From fax number (714) 542-3592 to the fax numbers listed below and/or on the attached service list. The facsimile machine I used complied with Rule 2008 and no error was reported by the machine.

☐   **VIA ELECTRONIC FILING SERVICE:** Complying with Code of Civil Procedure section 1010.6, my electronic business address is cgagne@klinedinstlaw.com and I caused such document(s) to be electronically served through the LexisNexis/Verilaw system for the above-entitled case to those parties on the Service List maintained on the LexisNexis/Verilaw's website for this case. The file transmission was reported as complete and a copy of the Filing/Service Receipt will be maintained with the original

- 1 -
**PROOF OF SERVICE**

1    document(s) in our office.

2    ☒    **VIA MAIL:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

3

4        ☒    **BY FIRST-CLASS MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))**

5        ☐    **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c) and (d))**

6        ☐    **BY CERTIFIED RETURN RECEIPT MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))**

7

8    **SEE ATTACHED SERVICE LIST**

9        I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

10

11

12        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

13

14        Executed on August 31, 2012, at Santa Ana, California.

15                                    *Carrie L. Gagne*
                                      Carrie L. Gagne

16

17

18

19

20

21

22

23

24

25

26

27

28

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

- 2 -
**PROOF OF SERVICE**

1
2

Service List
Tavia Lawson v. Northland Group, Inc.
1465-5029

3
4
5
6
7

| Todd M. Friedman, Esq.<br>Nicholas J. Bontrager, Esq.<br>Suren N. Weerasuriya, Esq.<br>LAW OFFICES OF TODD M. FRIEDMAN,<br>P.C.<br>369 S. Doheny Dr., #415<br>Beverly Hills, CA 90211 | T: (877) 206-4741<br>F: (866) 633-0228<br>Email:<br>tfriedman@attorneysforconsumers.com<br>nbontrager@attorneysforconsumers.com<br>sweerasuriya@attornetsforconsumers.com<br><br>Counsel for Plaintiff<br>TAVIA LAWSON |
|---|---|

8

1584509v1

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

- 3 -
**PROOF OF SERVICE**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV12- 7517 PSG (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| TAVIA LAWSON | NORTHLAND GROUP, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Todd M. Friedman, Esq.<br>LAW OFFICES OF TODD M. FRIEDMAN, P.C.<br>369 S. Doheny Dr., #415<br>Beverly Hills, CA 90211<br>T: (877) 206-4741/FAX: (866) 633-0228 | Christopher D. Holt, Esq.<br>KLINEDINST PC<br>5 Hutton Centre Drive, Suite 1000<br>Santa Ana, CA 92707<br>T: (714) 542-1800/FAX: (714) 542-3592 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No        ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. Sec.1692, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12-07517

**FOR OFFICE USE ONLY:**   Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.<br>www.FormsWorkflow.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Minnesota |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):                                  Date  August 31, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com